UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ZACHARY HENDERSON, ET AL. | CIVIL ACTION |
| VERSUS | NO: 17-17654 |
| DAT DOG ENTERPRISES, LLC | SECTION: "J" (5) |

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss Counterclaims* **(Rec. Doc. 28)** filed by Plaintiffs/Counter-defendants, Zachary Henderson, Erin Spath, Kaleigh Thomas, and Heidi Taylor (collectively, "Plaintiffs"), an opposition filed by Defendant/Counterclaimant Dat Dogs Enterprises, LLC ("Dat Dogs") **(Rec. Doc. 35)**, Plaintiffs' reply **(Rec. Doc. 38)**, and Dat Dogs' sur-reply **(Rec. Doc. 41)**. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This litigation arises out of Plaintiffs' allegations that Dat Dogs requires its serving bartenders to participate in a "tip pool" that does not comply with the Fair Labor Standards Act ("FLSA") and its regulations. In December 2017, Plaintiffs filed a collective action[1] pursuant to 29 U.S.C. § 216(b) on behalf of all other current and former similarly situated employees who worked for Dat Dogs within three years

---

[1] Plaintiffs define the proposed FLSA collective as "[a]ll individuals employed by Dat Dogs Enterprises, LLC at any time within three years of the dates of the filing of the Complaint in this action, who were paid a regular rate of less than $7.25 per hour, and whose wages were subject to mandatory deductions." (Rec. Doc. 1, at 4).

1

prior to the date the lawsuit was filed. Plaintiffs' complaint alleges that for the entirety of Plaintiffs' employment, Dat Dogs has operated some version of this "forced wage deduction scheme," which entails deducting a sum equal to five percent of each shift's gross sales (minus alcohol) from the wages of Plaintiffs and other service bartenders who are paid a subminimum wage of $2.13 per hour for non-overtime hours and then re-distributing that money to other employees who are paid a regular rate of over $7.25 per hour, including cooks, dishwashers, and other back of house employees, as well as managers. Plaintiffs allege that Dat Dogs' wage deduction scheme violates the FLSA and does not qualify for the tip credit set forth in 29 U.S.C. § 203(m) because it is an unlawfully constituted tip pool.

In July 2018, Dat Dogs filed an amended answer to Plaintiffs' complaint and asserted counterclaims. Specifically, Dat Dogs alleges that Plaintiffs willfully and intentionally failed to report cash tips earned during the course of employment with Dat Dogs, resulting in Plaintiffs' receipt of minimum adjustment payments[2] to which they were not entitled. Dat Dogs concludes that Plaintiffs unjustly enriched themselves without cause at Dat Dogs' expense in violation of Louisiana law. Dat Dogs seeks restoration of tip-minimum payments made to Plaintiffs as a result of their alleged misrepresentations pursuant to Louisiana Civil Code articles 2298, 2299, and 2300.

---

[2] Dat Dogs' alleges that "if [its] system shows that a bartender failed to earn sufficient tips to cover the 'tip credit,' Dat Dog[s] pays the bartender the difference by paying a 'tip-minimum' amount to ensure that the bartender was paid an effective hourly rate of at least $7.25 per hour for all hours worked." (Rec. Doc. 27, at 15).

## PARTIES' ARGUMENTS

Plaintiffs argue that Dat Dogs' counterclaims should be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 9 and 12. First, Plaintiffs argue that their motion to dismiss should be granted because the Fifth Circuit prohibits employer counterclaims like the ones at issue in FLSA cases. (Rec. Doc. 28-2, at 4). Plaintiffs assert that the narrow exception to the rule enumerated in *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974) is not applicable in this case because Dat Dogs did not prepay an overtime obligation it expected to occur in a later pay period. (Rec. Doc. 28-2, at 6).

Alternatively, Plaintiffs argue that this Court should dismiss Dat Dogs' counterclaims because the allegations against Plaintiffs sound in fraud, and Dat Dogs failed to satisfy the heightened pleading standard of Rule 9. (Rec. Doc. 28-2, at 7-8). Specifically, Plaintiffs aver that Dat Dogs fails to identify when Plaintiffs allegedly under-reported cash tips, the amount of cash tips that were allegedly under-reported, or the value of the unjust enrichment Dat Dogs allegedly suffered. (Rec. Doc. 28-2, at 8-9).

Dat Dogs argues in opposition that Plaintiffs' motion to dismiss should be denied because the Fifth Circuit permits counterclaims in FLSA actions under the circumstances presented in this case, and the state law claims asserted by Dat Dogs are not required to adhere to the heightened pleading standard of Rule 9 because fraud is not alleged. (Rec. Doc. 35). First, Dat Dogs asserts that the Fifth Circuit's ban on counterclaims in FLSA cases does not apply where, as here, the employer is

3

seeking to retrieve monies paid in wages that the employee did not earn and the set-off does not reduce the overall damages award below the sub-minimum wage. (Rec. Doc. 35, at 4-8).

Dat Dogs next argues that this Court has supplemental jurisdiction over Dat Dogs' compulsory counterclaims that arose out of the same transaction or occurrence as the main demand asserted by Plaintiffs. (Rec. Doc. 35, at 9). Dat Dogs asserts that the allegations in the complaint and the counterclaims at issue both revolve around Dat Dogs' tip policies and how its employees were paid under those policies. (Rec. Doc. 35, at 10-11). Dat Dogs alleges that courts within the Fifth Circuit "routinely allow compulsory counterclaims to proceed in FLSA cases." (Rec. Doc. 35, at 10).

Finally, Dat Dogs argues that its allegations need not comply with the heightened pleading standard of Rule 9 because the counterclaims state a claim for unjust enrichment and recoupment of monies due, not fraud. (Rec. Doc. 35, at 11). Specifically, Dat Dogs emphasizes that unjust enrichment and reimbursement claims under Louisiana law are governed only by Rule 8(a), which only requires a short and plain statement showing that the pleader is entitled to relief. (Rec. Doc. 35, at 12). However, Dat Dogs argues that even if this Court finds that Rule 9 is applicable, Dat Dogs' allegations satisfy the requisite specificity of Rule 9. (Rec. Doc. 35, at 13). Dat Dogs notes that the counterclaims identify the parties it believes were unjustly enriched, state that the unjust enrichment took place at Dat Dogs' Frenchmen and Magazine Street locations during Plaintiffs' employment with Dat Dogs, and state that it occurred through Plaintiffs' failure to report cash tips they received. (Rec. Doc.

4

35, at 14). Dat Dogs goes on to argue that even if this Court strikes the language sounding in fraud from Dat Dogs' counterclaims, it still states a valid claim for relief because the "willfully, knowingly, and intelligently" language is not an element of the state law claims alleged. (Rec. Doc. 35, at 14).

Plaintiffs raise four arguments in reply. (Rec. Doc. 38). First, Plaintiffs contest Dat Dogs' assertion that the counterclaims at issue fall within the exception enumerated in *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003) because Dat Dogs' counterclaims do not represent overtime obligations already fulfilled. (Rec. Doc. 38, at 2). Thus, Plaintiffs argue that the counterclaims cannot be asserted in this FLSA action because they do not involve pre-payment of wages. (Rec. Doc. 38, at 3). Second, Plaintiffs clarify that Dat Dogs is asserting affirmative counterclaims for monetary relief, not merely raising a defense seeking setoff for damages. (Rec. Doc. 38, at 3). Next, Plaintiffs argue that Dat Dogs' counterclaims are legally invalid in this FLSA action regardless of whether they qualify as compulsory or permissive. (Rec. Doc. 38, at 4). Finally, Plaintiffs challenge Dat Dogs' assertion regarding the applicability of Rule 9. (Rec. Doc. 38, at 6). Specifically, Plaintiffs argue that the heightened pleading standard applies to Dat Dogs' counterclaims sounding in fraud and the allegations "fall woefully short" in that Dat Dogs fails to allege the amount of tips it believes went unreported, the dates and pay periods on which the alleged misrepresentations occurred, and the amount of tip-minimum payments which it believes are at issue. (Rec. Doc. 38, at 7-8). Based on the foregoing, Plaintiffs re-urge this Court to dismiss Dat Dogs' counterclaims.

5

In its sur-reply, Dat Dogs emphasizes the importance of this Court's determination regarding whether Dat Dogs' counterclaims are compulsory or permissive. (Rec. Doc. 41). Dat Dogs first argues that this distinction is the determining factor as to whether the counterclaims should be dismissed. (Rec. Doc. 38, at 1). Additionally, Dat Dogs asserts that if this Court grants Plaintiffs' motion to dismiss the counterclaims, Dat Dogs will be precluded from raising the counterclaims in a separate action unless this Court rules that the counterclaims are permissive. (Rec. Doc. 38, at 1).

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, "a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, the court is not bound to accept as true legal conclusions couched as factual

6

allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). However, a heightened pleading standard applies in cases where fraud is alleged. *See Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 179 (5th Cir. 1997). Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9. In contrast, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.*

## DISCUSSION

Courts have generally been hesitant to permit employers to file counterclaims in FLSA actions to recover money allegedly owed by an employee or damages an employer alleges an employee's conduct occasioned. *See Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740-41 (5th Cir. 2010); *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir.1974), *rev'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988); *see also Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir.1983) ("[T]he purpose of the present action is to bring [the employer] into compliance with the Act by enforcing a public right. To permit him in such a

7

proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process. [The employer] is free to sue his employees in state court . . .").

The Fifth Circuit held in *Brennan v. Heard* that both setoffs and counterclaims are inappropriate in cases brought to enforce the minimum wage and overtime provisions of the FLSA, emphasizing that "[t]he federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors." *Heard*, 491 F.2d at 4; *see also Martin v. PepsiAmericas, Inc.*, 628 F.3d at 741. "The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter [FLSA] proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Heard*, 491 F.2d at 4.

Despite this clear directive, Dat Dogs argues that its counterclaims against Plaintiffs are properly before the Court in this FLSA suit because they fall within the exception the Fifth Circuit carved out in *Singer v. City of Waco*. This Court disagrees. In *Singer*, the court permitted an employer sued under the FLSA to set off certain wage overpayments against the employees' overall damages award. 324 F.3d 813 (5th Cir. 2003). The Fifth Circuit reconciled its holdings in *Heard* and *Singer* by noting that "the offsets permitted by the district court [in *Heard*] caused the final awards of many of the defendants' workers to drop below the statutory minimum." *Id.* at 828 n.9 (quoting *Heard*, 491 F.2d at 3). However, in *Singer*, "no party contend[ed] that

the offset might cause the fire fighters' wages to fall below the statutory minimum wage." *Id.*

Nevertheless, the Fifth Circuit clarified in *Gagnon v. United Technisource, Inc.* that it was the unique nature of the setoffs at issue in *Singer* that warranted a narrow exception to the rule enumerated in *Heard*. 607 F.3d 1036, 1042 (5th Cir. 2010). Specifically, the type of setoffs that trigger the *Singer* exception are overtime obligations already fulfilled, or, wages that an employer pre-paid to an employee. *Id*; *see also Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 742 (5th Cir. 2010). Moreover, the *Gagnon* Court emphasized in the context of counterclaims that "[Fifth Circuit] precedent suggests that such claims should not be addressed in a FLSA action." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010); *see also Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir.1974), rev'd on other grounds, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (noting that the federal judiciary's only function under the FLSA "is to assure to the employees of a covered company a minimum level of wages" and holding that "[a]rguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act.").

Plaintiffs argue that Dat Dogs is asserting affirmative counterclaims for monetary relief and is not seeking set-off for damages. (Rec. Doc. 38, at 3). Dat Dogs neither contests this assertion nor convinces the Court that the tip-minimum adjustments qualify as wages that were pre-paid to Plaintiffs as is required to trigger the *Singer* exception. Accordingly, under binding Fifth Circuit precedent, the

9

counterclaims asserted against Plaintiffs cannot be heard in the present FLSA action and must be dismissed.

Dat Dogs argues that if this Court determines that dismissal of its counterclaims is appropriate, the Court must also rule on whether Dat Dogs' claims seeking reimbursement from Plaintiffs qualify as compulsory or permissive counterclaims. This Court disagrees. Federal Rule of Civil Procedure 1367(a) gives district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Fed. R. Civ. P. 13(a). However, a district court has discretion to decline to exercise supplemental jurisdiction over a claim under subsection (a) if any of the following are satisfied:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Fed. R. Civ. P. 13(c). Here, exceptional circumstances exist for this Court to decline the exercise of supplemental jurisdiction. Specifically, there exists binding Fifth Circuit precedent holding that counterclaims of the type asserted in this case may

not be raised in a FLSA suit. Thus, this Court need not decide whether Dat Dogs' counterclaims are compulsory or permissive.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Dat Dogs' counterclaims against Plaintiffs are **DISMISSED with prejudice**. This Court shall retain jurisdiction to adjudicate Plaintiffs' FLSA claims against Dat Dogs.

New Orleans, Louisiana, this 10th day of January, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE